OPINION
Appellant, Kevin Ruff, was convicted of involuntary manslaughter on January 15, 1993. On February 12, 1997, he filed a petition to vacate or set aside sentence pursuant to R.C.2953.21. The trial court dismissed his petition on June 3, 1997. Appellant now appeals that decision arguing ineffective assis tance of counsel and prosecutorial misconduct.
Under R.C. 2953.21(A)(2), a post-conviction relief petition must be filed within one hundred eighty days after "the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
Since appellant was convicted in 1993 and did not file his petition for post-conviction relief until 1997, his petition for post-conviction relief is untimely. When a petition is untimely, the trial court must proceed in accordance with R.C.2953.23(A) which states:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and con vincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligi ble for the death sentence." (Emphasis added.)
While the trial court reached the merits of appellant's petition for post-conviction relief it should not have, but rather, it should have proceeded in accordance with R.C. 2953.23. Accordingly, we find all of appellant's assignments of error moot, because the trial court's judgment denying appellant's petition for post-conviction relief on the merits is void. This appeal is hereby dismissed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal. All motions pending in this case are hereby rendered moot.
APPEAL DISMISSED.
 Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.